Filed
D.C. Superior Court
04/19/2019 18:36PM
Clerk of the Court

SUPERIOR COURT OF THE DISTRICT OF COLUMBIA
Civil Division

| | |
|---|---|
| NEHA T. PATEL<br>80 New York Avenue, NW, #405<br>Washington D.C. 20001<br><br>*Plaintiff,*<br><br>v.<br><br>SAFEWAY, INC.<br>d/b/a SAFEWAY STORE #2737<br>490 L Street NW<br>Washington, DC 20001<br><br>   Serve:<br>      CT Corporation System<br>      1015 15th Street NW #1000<br>      Washington, DC 20005<br><br>and<br><br>NEW ALBERTSON'S, INC.<br>490 L Street NW<br>Washington, DC 20001<br><br>   Serve:<br>      CT Corporation System<br>      1015 15th Street NW #1000<br>      Washington, DC 20005<br><br>and<br><br>NAI SATURN EASTERN<br>490 L Street NW<br>Washington, DC 20001<br><br>   Serve:<br>      CT Corporation System<br>      1015 15th Street NW #1000<br>      Washington, DC 20005<br><br>*Defendants.* | Case No. 2019 CA 002457 B<br><br>JURY TRIAL DEMANDED |

{00694344.DOCX v.1}

## COMPLAINT

AND NOW, Plaintiff, Neha T. Patel ("Plaintiff"), by and through her undersigned counsel, files this Complaint against Defendants, Safeway, Inc. d/b/a Safeway Store #2737, New Albertson's, Inc. and NAI Saturn Eastern (collectively, "Defendants"), and in support thereof, avers as follows:

### Jurisdiction and Venue

1. Jurisdiction in this Court is founded upon District of Columbia Code § 11-921, 13-423, and 13-424 (1988 ed.), whereby persons sustaining injuries in the District of Columbia caused by a negligent act or omission of another may seek remedy in the Superior Court.

2. This Court has personal jurisdiction over the parties in this matter pursuant to District of Columbia Code §§ 13-334(a) and 13-423(a)(1) because Plaintiff's allegations and claims for relief herein arise from Defendants' "transaction of business" and "doing business" in the District of Columbia.

3. As a result of Defendants' purposeful and substantial business activity in the District of Columbia, Defendants have established sufficient contacts with the District of Columbia such that it is reasonable for Defendants to reasonably anticipate being subjected to action in this Court.

4. Venue is proper in the District of Columbia, wherein the tortious acts complained of occurred, and wherein Defendants were actively engaged in the conduct of their respective businesses.

### Parties

5. At all relevant times, Plaintiff has been an adult individual residing at 80 New York Avenue, NW, #405, Washington D.C. 20001.

6. At all relevant times, Defendants have been actively doing business in the District of Columbia and elsewhere.

7. At all relevant times, Plaintiff was a business invitee of Safeway.

8. At all relevant times, Defendants shared a common and joint interest in providing a safe place for business invitees and in that respect worked together and in concert within the scope of their respective duties as agents and/or employees of each other.

### Facts

9. On or about August 25, 2016, at approximately 11:50 a.m., Plaintiff, a business invitee, was lawfully and carefully walking towards the main door near the floral display area within the Safeway store located at 490 L Street, NW, Washington, D.C. 20001.

10. Suddenly and without warning, Plaintiff felt her left foot slip on the tile floor causing her left knee to twist violently as she lost her balance and fell to the floor.

11. Plaintiff immediately felt a sharp pain and burning sensation in her left knee.

12. Plaintiff was caused to slip and fall by unknowingly stepping in a puddle of clear liquid that had accumulated on the tile floor near the floral display.

13. At all relevant times, Plaintiff was exercising due care and was caused to slip and fall without any negligence on her part.

14. Prior to the incident, the puddle of clear liquid had not been eliminated, dried or treated by Defendants' owners, management and/or employees.

15. There was no mat on the floor in this area, nor was there any warning sign to prevent such an incident from occurring.

16. As a direct and proximate result of this incident, Plaintiff suffered serious and permanent injuries including, but not limited to, a left anterior crucial ligament and medial

meniscus tear causing internal derangement and severe pain in her left knee, causing severe pain, scarring, mental distress, anxiety, loss of capacity for enjoyment as well as loss of time from her employment.

17. As a direct and proximate result of this incident, Plaintiff has suffered serious and permanent injuries that will cause her to indefinitely suffer great pain, inconvenience, embarrassment and anguish.

18. As a direct and proximate result of this incident, Plaintiff has incurred damages including but not limited to medical expenses, lost wages, transportation and miscellaneous expenses.

19. As a direct and proximate result of this incident, Plaintiff has been and will be in the future deprived of ordinary pleasures of life, loss of well-being and lifestyle.

20. As a direct and proximate result of this incident, Plaintiff's overall health, strength and vitality have been seriously and permanently impaired.

21. Plaintiff's aforesaid injuries and damages were caused solely by Defendants' individual and/or joint acts and/or omissions and without any contributory negligence on the part of Plaintiff.

22. At all relevant times, Defendants were acting individually and/or jointly in concert together as agents of each other in allowing the aforesaid dangerous condition of the floor to exist, which they knew or should have known would cause invitees such as Plaintiff to suffer the aforesaid injuries and damages.

### COUNT I
### PLANTIFF v. DEFENDANTS
### NEGLIGENCE

23. Plaintiff incorporates by reference the foregoing averments of this Complaint as

{00694344.DOCX v.1}

though fully set forth at length herein.

24. Plaintiff's fall occurred within the premises of and in a location managed, maintained and controlled by Defendants.

25. The puddle of liquid on the floor that caused Plaintiff to slip and fall was a dangerous condition that had been place for a considerable amount of time and Defendants had notice of the condition and a reasonable opportunity to eliminate it.

26. In addition, the puddle of liquid that caused Plaintiff to fall was a dangerous condition that Defendants had notice of because the puddle was present on the floor in the floral display area and therefore Defendants knew or should have known that it was foreseeable clear liquid would spill onto the tile floor that would be invisible to invitees walking in the area because the flower arrangements were stored in containers filled with liquid and Defendants' employees, agents and customers frequently removed the arrangements from the containers to inspect them or otherwise cause the liquid to spill on the floor.

27. Defendants owed a high duty of care to Plaintiff, its business invitee, to use reasonable care under the circumstances, to properly inspect, clean, maintain and timely remove all hazards from the premises so as to reasonably provide for the safety of all persons lawfully present in the store.

28. Defendants further owed a duty to reasonably protect all persons lawfully within the store from unsafe conditions of which it knew or had reason to know – merely placing a mat on the floor near the floral display section could have prevented this incident.

29. Defendants further owed a duty to warn invitees who might be walking in the area where the Plaintiff fell and/or to post signs and/or rope off the area, or otherwise warn of or remedy said dangerous condition.

30. Defendants breached their duty to use reasonable care under the circumstances.

31. Defendants failed to properly inspect, clean, maintain and remove all hazards from the premises in order to provide a reasonably safe environment for invitees lawfully walking within the store.

32. Defendants failed to reasonably protect invitees lawfully walking within the store from unsafe conditions of which it knew or had reason to know.

33. Defendants failed to warn invitees who might be walking in the area where the Plaintiff fell and/or to post signs and/or rope off the area, or otherwise failed to warn of or remedy said dangerous condition.

34. The subject incident complained of herein was the direct and proximate result of the above-described carelessness, negligence and recklessness of Defendants.

35. As a direct and proximate result of Defendants' aforesaid carelessness, negligence and recklessness, Plaintiff sustained serious and permanent injuries, scarring, disfigurement, past medical expenses, will continue in the future to incur substantial expenses for medical treatment and care and has suffered and will continue in the future to suffer great physical and mental pain and suffering and loss of wages and earning capacity.

WHEREFORE, Plaintiff, Neha T. Patel, demands judgment against Defendants, Safeway, Inc. d/b/a Safeway Store #2737, New Albertson's, Inc. and NAI Saturn Eastern, individually, jointly and severally, in the full and just amount of One Million Dollars ($1,000,000.00) plus interest, costs of suit, attorneys' fees, delay damages and any other relief deemed appropriate by this Honorable Court.

## Jury Trial Demand

36. Plaintiff, Neha T. Patel, hereby demands a jury trial.

Respectfully submitted,

FLORIO PERRUCCI STEINHARDT & CAPPELLI, LLC

_____
Kerry E. Cahill, Esq.
D.C. Bar No. 1613108
235 Broubalow Way
Phillipsburg, NJ 08865
Phone: (908) 454-8300
Fax:    (908) 454-5827
Email: kcahill@floriolaw.com
*Counsel for Plaintiff,*
*Neha T. Patel*

Dated: April 9, 2019

{00594344.DOCX v.1}